OPINION
Charles Turner appeals from the judgment of the Dayton Municipal Court in favor of Konrad Kuczak.
Kuczak filed a complaint on March 26, 2001 claiming that Turner owed him $3865 for legal services. He attached a copy of his statement rendered to Turner along with various invoices generated between August 25, 1999 and January 24, 2001. On April 16, 2001, Turner filed his answer denying he owed Kuczak the fees he claimed in the complaint. He admitted that Kuczak represented him in Case No. 99 CRB 0084 Miamisburg Municipal Court, Montgomery County Common Pleas Court 99-4869, and Court of Appeals CA 17928. Kuczak moved for summary judgment. In an affidavit filed with the motion, Kuczak asserted the following:
 1. That he was originally licensed to practice law by the Ohio Supreme Court on November 8, 1969.
 2. That he has been continuously licensed as an attorney at law since November 8, 1968.
 3. That his Ohio Attorney Registration Number is 0011186.
 4. That he, as legal counsel, represented Mr. Charles Turner on five (5) individual legal matters, all relating to the condition and upkeep of the Defendant's premises at 1130 Central Avenue in Miamisburg, Ohio, out of which the account stated for which judgment is sought was generated:
 A. A criminal prosecution in the Miamisburg Municipal Court.
 B. An appeal of the conviction of the Defendant in the criminal prosecution in the Miamisburg Municipal Court which resulted in a reversal of the judgment of conviction and acquittal of the Defendant by the Montgomery County Court of Appeals.
 C. An appeal of the orders of an official of the City of Miamisburg to the Miamisburg Board of Zoning Appeals.
 D. An appeal of the decision of the Miamisburg Board of Zoning Appeals to the Montgomery County Common Pleas Court which resulted in the reversal of the Miamisburg Board of Zoning Appeals.
 E. The filing of an additional notice of appeal of the orders of an official of the City of Miamisburg to the Miamisburg Board of Zoning Appeals.
 5. That as the result of the services of Plaintiff, Defendant has been able to retain possession of numerous aged motor vehicles on his property and refrain from making certain prohibitively expensive improvements to his property.
 6. That attorney fees for any party are not available as a component of relief in any of the matters for which the Plaintiff performed professional services for the Defendant.
 7. That Defendant has agreed to compensate the Plaintiff for expenses and at the rates which were used in calculating the claim for professional fees which were employed in reckoning the account stated attached to the Complaint.
 8. That Defendant was indebted to Plaintiff on an account stated in the amount of $3,865.95 on January 24, 2001 and has continued to be so indebted.
 Turner filed his own affidavit in opposition to the motion. In it Turner said he directed Kuczak to file suit against the City of Miamisburg but instead Kuczak filed an appeal with the Miamisburg Board of Zoning Appeals. Turner said he signed a fee agreement with Kuczak for a fixed fee of $750 through trial with a $500 nonrefundable retainer. Turner said he did not agree to any further fees and he disputed the claim that he owed Kuczak $3865.95.
In granting summary judgment to Kuczak, the trial court made the following observations:
 Plaintiff has demonstrated that defendant requested that he perform certain legal services, that he performed the legal services, that they total $3,865.95, and that they remain unpaid. Defendant does not deny that plaintiff performed legal services for him. He argues that he directed plaintiff to sue the City of Miamisburg, not the Board of Zoning Appeals, and that he is not responsible for those fees and costs.
 The court finds that defendant agreed to have plaintiff represent him on Miamisburg Case No. 99CRB00884 and requested plaintiff do an appeal. Defendant also requested that plaintiff sue the City of Miamisburg. Defendant has failed to offer any legal authority as to why he should have been compensated for fees or costs. From his pleadings, it appears that the defendant does not understand the necessity of pursuing his claim against the City through the Board of Zoning Appeals. Apparently, defendant thinks that because he did not directly ask plaintiff to file with the Board of Zoning Appeals, he is not responsible for the fees and costs associated with those cases.
 Plaintiff's services associated with presenting the matter to the Board of Zoning Appeals and then appealing that decision spanned from August 4, 1999 through January 18, 2001. The evidentiary materials presented by plaintiff demonstrate that the defendant was made aware of the pleadings, hearings, decisions, and fees related to the Board of Zoning Appeals cases. If defendant did not understand why plaintiff was filing with the Board of Zoning Appeals, did not wish to file with the Board, or did not agree to the fees being charged, he had ample notice, time, and opportunity to stop the plaintiff from pursuing his claim through the Board.
 In a single assignment, Turner contends the trial court erred in granting summary judgment to Kuczak.
A party is entitled to summary judgment pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. If the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Id.,Civ.R. 56(E).
Turner admits in his answer that Kuczak represented him in two appellate matters, the appeal of his criminal conviction and an administrative appeal to the common pleas court. In his affidavit he admits he agreed to pay Kuczak $750 for the trial of his criminal case in the Miamisburg Municipal Court. Turner denied he authorized Kuczak to represent him in any matter except the criminal trial. There being material facts in dispute between the parties, the trial court improperly granted summary judgment to Kuczak. This assignment of error is Sustained.
The judgment of the trial court is Reversed and Remanded for further proceedings.
FAIN, J., and YOUNG, J., concur.